IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AAMCO TRANSMISSIONS, INC. | : | |
| | : | |
| Plaintiff/Counterclaim Defendant | : | |
| v. | : | No.  13-cv-5747 |
| | : | |
| ROBERT V. ROMANO | : | |
| | : | |
| and | : | |
| | : | |
| LINDA ROMANO | : | |
| | : | |
| Defendants/Counterclaim Plaintiffs | : | |

**MEMORANDUM IN SUPPORT OF**
**THE MOTION TO DISMISS COUNTS 2 AND**
**3 OF THE COUNTERCLAIMS**

**Introduction**

This case arises from operation of a competing automotive repair center by the Romanos, former AAMCO franchisees, in close proximity to another AAMCO franchisee's business, in direct violation of their agreement not to do so.  The plaintiff AAMCO Transmissions, Inc. ("ATI"), the franchisor of the AAMCO system of transmission and auto repair centers, filed suit to enjoin their continuing breach of their former AAMCO franchise agreement.  After the Court denied their motions to dismiss, the Romanos asserted a three-count counterclaim.  The first count merely seeks a declaration that they are not in breach of their agreement – that is, that they are not liable under ATI's claims.  Counts 2 and 3 are purport to state substantive claims, but do not.  They should be dismissed.

In Count 2, the Romanos attempt to state a claim under the Pennsylvania Uniform Trade Secrets Act ("PUTSA"), 12 Pa. C.S. § 5305.  But, the Romanos fail to allege any violation of PUTSA.  Rather, they seek their attorneys' fees arising out of "AAMCO's fraudulent claim of

1

trade secrets ….." (Counterclaim (Dkt. 51) ¶ 32). But, ATI has not alleged misappropriation of trade secrets under PUTSA, so there can be no recovery of attorneys' fees under that statute.

In Count 3, the Romanos purport to allege fraud, but do not allege that they were defrauded. Rather, they allege that documents submitted to the Court in this case contain false statements that deceived the Court. But, the Romanos have not alleged that *they* relied on any of the statements. To the contrary, they allege they were aware of the alleged falsity. Count 3 fails to state a claim.

## BACKGROUND FACTS

ATI offers a brief summary of the background facts to provide the Court with context. In their Answer, the Romanos allege all manner of things, including nearly 30 pages captioned "Background" that contain a rambling recitation of perceived wrongs. But their scattershot allegations largely have nothing to do with their Counterclaims. Rather than attempt to characterize them here, ATI will reference them in its argument to the extent they are relevant.

ATI is in the business of franchising or licensing others to use the mark and name "AAMCO" in the operation of transmission and general automotive repair centers throughout the United States and Canada. ATI is the world's largest franchisor of transmission and general automotive repair centers. (Complaint (Dkt. 1) ("Compl.") ¶ 6). On August 18, 1992, ATI and Mr. Romano entered into a Franchise Agreement. (*Id.* at ¶ 7). The Franchise Agreement authorized Romano to operate a transmission and automobile repair center using ATI's name and mark "AAMCO" and using ATI's proprietary business methods, information, and systems. (Compl. ¶¶ 7, 9-10 & Exh. A. §§ 1.1, 6.1).

ATI disclosed to Romano its proprietary systems, information, and trade secrets for operating a successful automotive repair business which ATI had developed over several

decades. (Compl. ¶ 9). In August 1992, before beginning the operation of the Center, Romano attended ATI's intensive owner training class at ATI's headquarters, then in Bala Cynwyd, PA, and was provided ATI's proprietary manuals, customer lists and software. (*Id.* at ¶ 10).

On February 20, 2013, Mr. Romano executed a Termination of Franchise Agreement ("Termination Agreement"). (*Id.* ¶ 11) In the Termination Agreement, Mr. Romano acknowledged that he had entered into the Franchise Agreement and expressed a desire to terminate it. (Compl. Exh. B ¶¶ 1-2). Accordingly, in the Termination Agreement, ATI and Mr. Romano agreed to terminate the Franchise Agreement, and to release one another from all obligations under the Franchise Agreement "except for those obligations set forth in Sections 12.2, 18.1, 19.1 & 19.2." (*Id.*) Pursuant to the express terms of the Termination Agreement, Romano reaffirmed his agreement to comply with his post-term non-compete obligation at Section 19.2 of the Franchise Agreement. (Compl. ¶ 12).

Despite this agreement, at least as early as July 2013, the Romanos opened a transmission repair business at 2801 SE Monroe St., Stuart, FL 34994,[1] under the name "Treasure Coast Transmissions." (Compl. ¶ 15). The Romanos' Treasure Coast Transmissions center is located less than 1.5 miles from an existing AAMCO center, at 2973 SE Federal Highway, Stuart, Florida 34994. (*Id.* at ¶ 16).

---

[1] The Complaint inadvertently identifies the address of Treasure Coast Transmissions as 1631 North 60th Ave., Hollywood, FL 33021, where the Romanos' AAMCO center had been located. Although the Romanos continue to seek to make something of this error in the Complaint (*see* Counterclaim ¶¶ 15, 35), it is clear from the context that ATI was alleging that the Romanos were operating at a different location than their previous AAMCO center. ATI brought this error to the Court's attention in footnote 1 to its Opposition to the Defendants' Motions To Dismiss, filed on January 31, 2014 (Dkt. 11, p.6, n.1), and the Court specifically referred to ATI's acknowledgement of this error in its ruling. (Dkt. 30, p.4, n.3).

**STANDARD OF REVIEW**

As the Court stated in ruling on the defendants' motion to dismiss:

> To survive dismissal, a complaint must allege facts sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (Dkt. 30, p. 10-11).

Even accepting the Romanos' broad and conclusory statements as allegations of facts, Counts 2 and 3 fail to state any plausible legal claim for relief. They must be dismissed.

**ARGUMENT**

**I.      COUNT 2 FAILS TO STATE A CLAIM UNDER PUTSA**

In Count 2, the Romanos allege that "the conduct of AAMCO in filing a frivolous lawsuit falsely claiming that the Romano's [sic] obtained and used Company's trade secrets information was a violation of 12 Pa. C.S. 5305 (2013), the Pennsylvania Uniform Trade Secrets Act, and that such a filing was undertaken in bad faith and for an improper purpose." (Counterclaim ¶ 31). But PUTSA does not authorize a claim for attorneys' fees independent of a substantive claim under PUTSA. Because there is no claim under PUTSA in this case, the claim for attorneys' fees must be dismissed.

PUTSA provides remedies for injunctive relief for "actual or threatened misappropriation." §5303. It provides for "damages for misappropriation." §5304. PUTSA contains an attorneys' fees provision, section 5305, which states:

4

> A court may award reasonable attorney fees, expenses and costs to the prevailing party:
>
> (1) if a claim of misappropriation is made in bad faith;
>
> (2) a motion to terminate an injunction is made or resisted in bad faith; or
>
> (3) willful and malicious misappropriation exists.

The Romanos do not contend that ATI misappropriated any trade secrets of theirs. Thus, they do not state a claim for misappropriation under PUTSA, and do not seek injunctive relief or damages. Rather, they are seeking their attorneys' fees arising out of ATI's claim against them.

But ATI has not asserted a claim under PUTSA. ATI's complaint contains only two counts, for breach of contract and for costs and attorneys' fees. The Complaint alleges only that the Romanos are in breach of the post-term covenant against competition by their operation of a transmission repair center less than 1.5 miles from another AAMCO franchise. (Compl. ¶ 18-26). There is no claim under PUTSA.[2]

On its face, the statute does not authorize a separate claim for attorneys' fees in the absence of a claim under PUTSA. Rather, it authorizes an award of attorneys' fees to the prevailing party in certain circumstances in cases brought under PUTSA. But, there is no claim for misappropriation asserted under PUTSA in this case.

The courts have confirmed that §5305, the attorneys' fees provision of PUTSA, does not create a separate cause of action. In *Peek v. Whittaker*, No. 2:13-cv-01188, 2014 WL 2154965

---

[2] The Romanos' reference to *McAlpine v. AAMCO Transmissions, Inc*. 461 F. Supp. 1232 (E.D. Mich. 1978) in Count 2 (Counterclaim ¶ 32), and extensive quotation from it at pages 20-24 of their Answer, are irrelevant to the analysis of its PUTSA claim – whether AAMCO has trade secrets or does not, the Romanos have no claim under §5305. Furthermore, *McAlpine* held only that in *1978* ATI had no trade secret protection for its merchandising program, and could not maintain a claim for misappropriation of trade secrets as a form of unfair competition. *Id*. at 1254. ATI has not asserted such a claim in this case.

5

(W.D. Pa. May 22, 2014), the court granted a Rule 12(b)(6) motion dismissing a claim under §5305, holding:

> The Court concludes that the language of Section 5305 is plain – it allows a court to award attorney's fees, expenses, and costs to "the prevailing party" on a PUTSA claim in that litigation under the circumstances delineated in subsections (1) through (3).

*Id*. at * 8.  Similarly, in *Ozburn-Hessey Logistics, LLC v. 721 Logistics, LLC*, No. 12-0864, 2014 WL 4055826 (E.D. Pa. Aug. 15, 2014), Judge Restrepo dismissed a counterclaim for attorneys' fees in a case in which the plaintiff *had* asserted a PUTSA claim.  Judge Restrepo held, "Because § 5305 does not provide an independent cause of action, the defendants' counterclaim will be dismissed for failure to state a claim."  *Id*. at * 15.  Judge Restrepo left open the possibility that the defendant could seek attorneys' fees by motion at the conclusion of the case, but held that no separate cause of action for attorneys' fees under §5305 existed.

Under the reasoning of the decisions, and the plain language of the statute, the Romanos' PUTSA claim must be dismissed for failure to state a claim.

## II. COUNT 3 FAILS TO STATE A CLAIM FOR FRAUD BECAUSE IT FAILS TO ALLEGE THAT THE ROMANOS RELIED ON A FALSE STATEMENT

The Romanos' allegation of fraud also fails to state a claim.  They base their claim on allegedly false statements contained in the Declaration of Brian O'Donnell (Dkt. 11.2) in opposition to the Romanos' two motions to dismiss and in the Complaint.  They allege that both of these alleged misrepresentations deceived the Court.  But, the Romanos' do not allege that *they* relied on either of these statements.  Their claim must therefore be dismissed.

The Romanos allege two false statements.  *First*, they allege that Mr. O'Donnell "deceitfully accused the Romano's [sic] of using AAMCO's Focus Software Program containing customer lists and Legitimate Business Interests at Mrs. Romano's Business …" (Counterclaim

6

¶ 35).[3]  *Second*, the Romanos allege that the Complaint "misled the Court, that the Romanos [sic] are operating Treasure Coast Transmissions at the address of the AAMCO in Hollywood, Mr. Romano's previously owned shop" (Counterclaim ¶ 35).  But, as we have pointed out, ATI acknowledged and corrected that error on the record nearly a year ago.  (Dkt. 11, p.6, n.1).

The elements of a claim for fraud in Pennsylvania are:

> (1) a misrepresentation, (2) a fraudulent utterance thereof,
> (3) an intention by the maker that the recipient will thereby
> be induced to act, (4) justifiable reliance by the recipient
> upon the misrepresentation and (5) *damage to the recipient*
> as the proximate result.

*Scaife Co. v. Rockwell-Standard Corp.*, 446 Pa. 280, 285, 285 A.2d 451, 454 (1971) (emphasis added).  The Romanos' allege that *they* were damaged by a misrepresentation *not* directed to them, and on which they did *not* rely.  They therefore do not state a claim for fraud.

The courts have dismissed fraud claims when the allegedly fraudulent statement is directed at someone other than the plaintiffs.  For example, in *In re Valley Forge Plaza Assocs.*, 113 B.R. 892 (E.D. Pa.), *aff'd in part, rev'd in part on other grounds*, 120 B.R. 789 (E.D. Pa. 1990) the court dismissed a fraud claim, holding that:

> The [Plaintiff] was not in the group that the Defendants intended or
> expected would rely on the statements.  The Defendants intended
> to influence the exhibitors and other promoters not to do business
> with the [Plaintiff], not influence the [Plaintiff] itself.

---

[3] This allegation mischaracterizes Mr. O'Donnell's Declaration.  Mr. O'Donnell stated that Mr. Romano was "provided access to ATI's proprietary system of doing business including its trade secrets" (O'Donnell Decl., Dkt. 11.2, ¶ 13); that Romano was "given in depth instruction on how to operate an AAMCO Transmission Center" (*id.* ¶ 14); that "Romano has been given access to, and benefitted from ATI's technical assistance hot line, periodicals, technical bulletins, and special ATI programs" (*id.* ¶ 15); that "Romano has retained, and we believe is using ATI's proprietary software, manuals, and other materials, proprietary knowledge and trade secrets;" (*id.* ¶ 18); and that "we believe Romano is using his knowledge of the AAMCO system and proprietary methods of doing business and other confidential information belonging to ATI." (*Id.* ¶ 21).  Mr. O'Donnell does not make any reference to "Focus" or customer lists.

> Only members of the class or group which the Defendants knew or had reason to expect would rely upon the misrepresentations can recover under this theory. The [Plaintiff] never relied upon the misrepresentations. Further, the [Plaintiff] was not in the class of entities which the Defendants knew or should have expected would rely on the misrepresentations. Therefore, the Plaintiff has failed to state a claim under this legal theory.

113 B.R. at 910.  In *Edelen and Boyer Co. v. Kawasaki Loaders Inc*., No 92-cv-1990, 1994 WL 483436 (E.D. Pa. Sept. 7, 1994), the court dismissed a fraud claim similar to the Romanos' Count 3.  There, the plaintiff alleged that the defendant had made a misrepresentation in an affidavit that caused the court to issue an *ex parte* writ of seizure.  The court stated that had it known the truth, it would not have issued the writ.  Nonetheless, the court dismissed the fraud claim because the misrepresentations were not intended to be, and were not, relied on *by the plaintiff*.  The court began by observing that "neither the cases nor the Restatement appear to contemplate a cause of action for fraudulent misrepresentation made to a third party unless there is some communication between the third party and the plaintiff *upon which the plaintiff relies*."  *Id*. at * 5 (emphasis added).  The court held that under the facts of that case "[the plaintiff] neither took action nor refrained from taking action based on [the defendant's] misrepresentations to the Court.  Without some reliance on the part of the plaintiff, there is no cause of action for fraudulent misrepresentation."  *Id*.

The only distinction between *Edelen* and this case is there is no reason to believe that the Court in this case relied on either of the alleged misrepresentations.  In its opinion denying the Romanos' motions to dismiss, the Court mentioned Mr. O'Donnell's Declaration only once, in a footnote, on a point unrelated to the Romanos' use of ATI's proprietary information.  (Dkt. 30, p.1, n.1).  Furthermore, the Court stated that the Romanos' new business was not located at the site of their former AAMCO business in Hollywood, FL, but rather less than 1.5 miles from

8

another AAMCO franchise in Stuart, FL. (Dkt. 30, p.4). Indeed, the court specifically referenced that "AAMCO incorrectly stated in its Complaint that the Romanos' new business was located in Hollywood, Florida, but this mistake was acknowledged and corrected in AAMCO's Brief in Opposition to Defendants' Motion to Dismiss." (Dkt. 30, p.4, n.3).

The Romanos' fraud claim fails to allege that *they* were harmed by *their* reliance on the alleged misrepresentations; they did not rely on them at all. There is no basis for their allegation that the Court relied on them, but the Court's reliance would not be actionable by the plaintiffs in any event. Count 3 must be dismissed.

## CONCLUSION

For these reasons, Counts 2 and 3 of the Counterclaims must be dismissed.

December 22, 2014                           Respectfully submitted,

/s/ James C. Rubinger
James C. Rubinger (admitted *pro hac vice)*
PLAVE KOCH PLC
12005 Sunrise Valley Drive
Suite 200
Reston, VA  20191
(703) 774-1208 (phone)
(703) 774-1201 (fax)
jrubinger@plavekoch.com (email)

James A. Goniea (Pa. I.D. No. 207313)
WIGGIN AND DANA LLP
Two Liberty Place
50 S. 16th Street, Suite 2925
Philadelphia, PA  19102
(214) 988-7317 (phone)
jgoniea@wiggin.com (email)

Attorneys for Plaintiff/Counterclaim Defendant